IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARLOS GRIER,<br><br>　　　　　　　Petitioner<br><br>　　　VS.<br><br>HILTON HALL, Warden,<br><br>　　　　　　　Respondent | NO. 5:05-CV-166(CAR)<br><br>**PROCEEDINGS UNDER 28 U.S.C. §2254**<br>**BEFORE THE U.S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Currently before the court is Carlos Grier's petition seeking federal habeas corpus relief. Tab #1. After careful consideration, the undersigned recommends that the petition be **DENIED**.

### I. FACTS

The historical facts concerning this case were set forth as follows by the Supreme Court of Georgia:

> Grier's girlfriend, Lanissa Wilson, was shot in the head and killed while driving a vehicle occupied by Grier and four other men. Just prior to the shooting, Wilson drove the group to a convenience store to purchase cigars to fill with marijuana. Grier, who was seated in the front passenger seat, left the car to make the purchase. As he got back into the car, a police officer began to approach. The occupants of the vehicle became anxious because they had marijuana and a weapon in their possession. Consequently, Wilson sped away from the convenience store.
>
> At Grier's direction, Wilson turned onto a street which was known as the territory of a rival gang. A group of men standing on the street ducked into some bushes when they saw Wilson's car approach. Grier grabbed a semi-automatic pistol from another man in the car, and he fired two shots over the roof of the car from the passenger's side. One bullet went through the roof and then entered the car, fatally striking Wilson in the head. The car crashed into a wall, whereupon the five other occupants fled on foot. The murder weapon, a .45 caliber pistol, was recovered from the passenger side floorboard of the car. It was the only firearm in the vehicle at the time of the shooting.
>
> *Grier v. State*, 273 Ga. 363, 541 S.E.2d 363, (2001).

## II. PROCEDURAL HISTORY

On May 18, 1999, the grand jury of Bibb County returned a true bill of indictment against petitioner Carlos Grier charging him with murder (count 1), aggravated assault (count 2), possession of a firearm during the commission of a felony (count 3), and possession of a firearm by a convicted felon (count 4). Petitioner Grier appeared with counsel in the Superior Court of Bibb County on August 23, 1999, for jury trial. On August 25, 1999, the jury returned a verdict of guilty against him on counts 1-3 of the indictment. Thereafter, the trial judge sentenced the petitioner to life in prison on count 1, ten (10) years on count 2 to run consecutive to count 1, and five (5) years on count 3 to run consecutive to count 2. Count 4 was placed on the dead docket.

Petitioner Grier filed a direct appeal in the Georgia Supreme Court. In his appeal, he raised five (5) enumerations of error, including, *inter alia*, allegations of ineffective assistance of trial counsel. On January 22, 2001, the court affirmed the petitioner's convictions and sentences. *See Grier v. State*, 273 Ga. 363, 541 S.E.2d 369 (2001). On May 3, 2001, petitioner Grier filed a state habeas corpus petition challenging his 1999 Bibb County jury trial convictions in which he presented twelve (12) grounds for relief. He later filed an amended petition in which he raised an additional ground. After evidentiary hearings on February 19, 2002 and August 22, 2002, the state habeas corpus court denied relief in an order filed June 25, 2004. The Georgia Supreme Court denied petitioner Grier's application for a certificate of probable cause to appeal in an order entered March 28, 2005.

On or about May 5, 2005, petitioner Grier executed the instant petition wherein he raised two grounds for relief. Thereafter, and pursuant to instructions contained in the undersigned's order granting the petitioner's motion seeking to proceed *in forma pauperis* (Tab #4), the petitioner timely filed an amended petition wherein he added six additional grounds for relief (Tab #5). After being served with this action, respondent Hilton Hall timely filed an Answer (Tab #7), a memorandum in support of his Answer (Tab #8), and several exhibits from the petitioner's state court proceedings (Tab #9).

### III. NEED FOR AN EVIDENTIARY HEARING

Under the AEDPA, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case.

### IV. LEGAL STANDARDS

Where a state court has adjudicated a petitioner's claims on the merits, the Antiterrorism and Effective Death Penalty Act prevents a federal court from granting habeas relief unless the state court's decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e).

"A state court decision is 'contrary to' clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.2001).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  Id.

The Supreme Court has held that §2254(d)(1) imposes a " 'highly deferential standard for evaluating state-court rulings,' " *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (quoting *1307 *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 2066 n. 7, 138 L.Ed.2d 481 (1997)), a standard "which demands that state-court decisions be given the benefit of the doubt."  Id.

The Supreme Court has instructed lower federal courts that the statute requires more than mere error, and more even than clear error, before federal habeas relief may be issued. E.g., *Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred....")*; Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness.")*; Early v. Packer*, 537 U.S. 3, 11, 123 S.Ct. 362, 366, 154 L.Ed.2d 263 (2002) (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law...."); *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

## V.  DISCUSSION

### Procedurally Defaulted Claims

The respondent has noted that the petitioner seeks to assert claims in this proceeding that have been or would now be found to be procedurally defaulted by the state courts. Specifically, the respondent avers that the petitioner's thirteen (13) allegations of ineffective assistance of appellate counsel under Ground One, his three (3) assertions claiming miscarriage of justice and actual innocence under Ground Two, his claim of unconstitutional and illegal sentencing by the trial court under Ground Five, and his contention that his murder conviction is illegal and void under Ground Eight are all procedurally defaulted.

The Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for and actual prejudice from the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Supreme Court has declined to essay a comprehensive list of circumstances that would justify a finding of cause. *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986). However, the Court has made it clear that the existence of cause for a procedural default must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

In other words, cause requires a showing of some external impediment preventing counsel from constructing or raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1472, 113 L.Ed.2d 517 (1991). For cause to exist, the external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented the petitioner from raising the claim. *Murray v. Carrier*, 106 S.Ct. at 2645.

To show prejudice, a federal habeas petitioner generally must show that the error worked to his actual and substantial disadvantage, infecting his entire trial with an error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982).

A federal court can also consider claims that have been procedurally defaulted at the state court level if a resulting fundamental miscarriage of justice would occur if it did not consider them. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). *See also Aldridge v. Dugger*, 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of someone actually innocent. *Murray v. Carrier*, 106 S.Ct. at 2649.

Upon a review of the record and with respect to the claims in Ground One, it appears that while the petitioner did raise *some* issues of ineffective assistance of appellate counsel in his state habeas proceeding, the particular claims raised in the instant petition have not yet been presented to the state courts. Accordingly, these claims are not properly before this court.

With respect to Ground Two, Ground Five, and Ground Eight, it also does not appear that any of the claims contained therein have been presented to the state courts. Moreover, and after carefully considering the petitioner's arguments in support of the foregoing claims together with the record in the case, the undersigned concludes that, with the exception of his own self serving and unsupported conclusory arguments to the contrary, the petitioner has failed to demonstrate cause and prejudice sufficient to excuse this procedural default. In addition, the undersigned is unconvinced that the petitioner is entitled to avail himself of the fundamental miscarriage of justice exception. As a result, petitioner Grier is not entitled to relief on the claims set forth in Grounds One, Two, Five, and Eight.

<u>Claims of Ineffective Assistance of Appellate Counsel</u>

The respondent contends that the allegations of ineffective assistance of appellate counsel which constitute Ground Three of the instant petition do not warrant relief. In support of this contention, the respondent notes that the petitioner's claims under Ground Three are identical to those raised in the petitioner's state habeas action. The respondent next avers that, in reviewing the claims, the state habeas court properly identified and applied the appropriate legal standards for such claims as set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Consequently, the respondent contends that the state habeas court's decision to deny the petitioner relief upon these claims was not contrary to nor did it involve the unreasonable application of clearly established Supreme Court precedent. As such, the respondent concludes that this court should defer to the findings and conclusions of the state habeas court with respect to these claims.

As was outlined in the foregoing section entitled Legal Standards, where a state court has adjudicated a petitioner's claims on the merits, the Antiterrorism and Effective Death Penalty Act prevents a federal court from granting habeas relief unless the state court's decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In the instant case, it appears that the state habeas court did, in fact, review the petitioner's claims of ineffective assistance of appellate counsel on the merits according to the *Strickland* standard. Upon a review of the state habeas court's decision, together with a review of the petitioner's arguments there about, it is the opinion of the undersigned that the state habeas court's decision was not contrary to established Federal Law nor did it involve the unreasonable application of the law to the facts of the petitioner's case. Accordingly, the petitioner is not entitled to relief on the claims contained in Ground Three.

## Claim of Prosecutorial Misconduct

In Ground Four, petitioner Grier contends that his convictions were obtained in violation of the Fourteenth Amendment because the prosecutor suborned and or failed to correct testimony which she knew to be perjured. As the respondent has noted, petitioner Grier raised this claim for the first time in his state habeas corpus petition. Despite the fact that the claim appears to have been procedurally defaulted because the petitioner failed to raise the claim in his direct appeal, the state habeas corpus court considered the petitioner's claim on the merits and made findings of fact thereon. In doing so, the state habeas corpus court observed and concluded as follows:

> Assistant District Attorney Elizabeth Bobbitt, the prosecutor who was assigned to the case, testified that she had talked to both witnesses [Middle brooks and Stubbs] prior to trial. She met with Middle brooks at Autry State Prison, and with Stubbs at the district attorney's office. She testified that at no time did she ask either witness to lie on the stand or encourage them to tell a story that was not true. At each meeting there were other people present, either the office investigator, another district attorney, or both. Each of these people testified the same way, that no attempt to suborn perjury was ever made. Petitioner did subpoena both Middlebrook[s] and Stubbs, but did not include the required witness fees with the subpoena. Both Middlebrook[s] and Stubbs were in the custody of the Bibb County Sheriff at that time.
> Petitioner has the burden to prove his case by a preponderance of the evidence. [citation omitted]. The Court does not find Petitioner has met that burden. He has presented no evidence in support of his allegation besides claims as to what Middlebrook and Stubbs told him over the telephone. Respondent has presented evidence to rebut the claims of the absent witnesses. Accordingly, this ground fails.

As noted above, the Antiterrorism and Effective Death Penalty Act prevents a federal court from granting habeas relief unless the state court's decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, and in regard to this claim, petitioner Grier has failed to show, and the undersigned is not convinced, that the state court's decision was contrary to or involved an unreasonable application of Federal law or was based upon an unreasonable determination of the facts in light of the evidence. As such, he is not entitled to relief on his claim under Ground Four.

Claim of Insufficient Evidence to Support a Conviction

Under Ground Six, petitioner Grier avers that the evidence at trial was insufficient to support his convictions for felony murder, aggravated assault, and possession of a firearm during the commission of a crime. Once again, the record indicates that the petitioner raised this issue for the first time in his state habeas corpus action. Curiously, and despite the fact that the petitioner did not enumerate or otherwise raise this issue in his direct appeal, the Supreme Court of Georgia specifically addressed the issue *sua sponte*, whereas the state habeas court did not address the issue at all.[1] In its evaluation of the issue, the Supreme Court of Georgia began its analysis by setting forth the facts of the case in the light most favorable to the verdict. This rendition of the facts has been adopted by the undersigned and can be found in the foregoing section of this recommendation entitled "I. FACTS." After setting out the facts, the Georgia Supreme Court identified and applied the legal standard of review set forth in the case of *Jackson v. Virginia*, 443 U.S. 307 (1979).[2] Having done so, the Supreme Court of Georgia concluded that the evidence was sufficient to enable any rational trier of fact to find Grier guilty beyond a reasonable doubt of the crimes of which he was convicted. Upon review, the undersigned concludes that the correct federal legal standard was properly applied to this claim. For this reason, petitioner Grier is not entitled to relief on his claim under Ground Six.

Claim that Admission of Custodial Statement was Erroneous

Under Ground Seven, petitioner Grier contends that his "conviction was obtained in violation of the Fifth and Fourteenth Amendments . . . when the [trial] court admitted into evidence petitioner's [custodial] statement." In support of this claim, petitioner Grier states that while he and the other male occupants of the vehicle were in custody, he was interviewed without counsel and provided a written

---

[1] The state habeas court's failure to consider this particular claim is not significant because, pursuant to Georgia Supreme Court precedent, issues decided adversely to a petitioner on direct appeal cannot be re-litigated by a petitioner in habeas corpus. *Gunter v. Hickman*, 256 Ga. 315 (1986).

[2] In *Jackson*, the United States Supreme Court held that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254, if the settled procedural prerequisites for such a claim have otherwise been satisfied, the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson*, 443 U.S. 307 at 324.

statement.  Petitioner next claims that some fifteen (15) hours later, a detective commenced a second interview during which the detective promised the petitioner that if he amended his earlier statement he would face no more than a charge of manslaughter as opposed to felony murder.  Petitioner avers that as a result of this promise he provided a substantially different and incriminating statement "without the benefit of counsel and in hopes of receiving [the] benefit of a lesser charge."  In addition, petitioner Grier states that during the *Jackson v. Denno* hearing, he testified that "he refused to sign the first statement and also the second statement, but - only agreed to the second statement after being told he was charged with felony murder and promised that he would only be charged with manslaughter by the detective."

In his Brief In Support of Answer-Response, and with respect to the instant claim, respondent Hall recited the petitioner's claim and noted that it was raised on direct appeal.  Next, the respondent pointed out that the Supreme Court of Georgia disagreed with the petitioner's arguments.  To support this assertion, the respondent cited the following excerpt from the written opinion of the Supreme Court of Georgia.

> At a *Jackson v. Denno* [footnote omitted] hearing, the State established that Grier was taken into custody on the night of the shooting and was read each of the Miranda warnings. He refused to sign a waiver, but instead wrote on the form: "Willing to talk but refuse to sign." He did not ask for an attorney and gave a statement in which he claimed he did not have a weapon. This interview was reduced to a three-page document which Grier signed.
>
> Grier was held for 15 hours. During that time, the other occupants of the car were questioned, leading the officers to conclude that portions of Grier's statement did not appear correct. After reminding Grier of each of his constitutional rights, the investigating detective sought to question him a second time. The detective testified that he made no threats or promises to induce this statement, and that Grier agreed to talk of his own free will. Grier thereafter signed a five-page written statement in which he revealed that his first statement had not been truthful. He also admitted that he had fired a .38 caliber chrome revolver; however, he accused another occupant of the car of firing a .45 caliber pistol.

> In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 S.E.2d 333) (1993). Although Grier testified that the detective promised to reduce the charge from felony murder to manslaughter if he changed his statement, the officer testified to the contrary. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal. *Vansant v. State*, 264 Ga. 319 (443 S.E.2d 474) (1994). The trial court was authorized to accept the detective's testimony and reject Grier's self-serving explanation. Considering the totality of the circumstances, the record supports the determination that Grier's statements were freely and voluntarily made and without the promise of leniency.

*Grier*, 273 Ga. at 364-365.

Finally, and as evidenced by the above excerpt, respondent Hall contends that the petitioner has failed to show that the state appellate court's decision was either contrary to, or involved an unreasonable application of, clearly established federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented. For these reasons, respondent Hall concludes that the decision of the Supreme Court of Georgia is entitled to deference by this court. The undersigned agrees. Accordingly, petitioner Grier is not entitled to relief on his claim under Ground Seven.

## VI. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the above-captioned petition for habeas corpus be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 28th day of APRIL, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE