THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| CARLOS GRIER, | : | |
|---|---|---|
| Petitioner, | : | Civil Action |
| | : | No. 5:05-cv-166 (CAR) |
| v. | : | |
| | : | Petition for Writ of Habeas Corpus |
| HILTON HALL, Warden, | : | 28 U.S.C. § 2254 |
| Respondent. | : | |

### *ORDER ON PETITIONER'S MOTION TO SET ASIDE JUDGMENT*

Before the Court is Petitioner's *pro se* Motion for Relief from Order and Motion to Set Aside Judgment [Doc. 34] wherein Petitioner asks this Court to vacate its earlier Order [Doc. 21] denying his habeas corpus petition. For the following reasons, Plaintiffs' Motion [Doc. 34] is **DISMISSED for lack of jurisdiction**.

After the state courts denied his direct appeal and state habeas corpus petitions, Petitioner initiated the instant habeas corpus proceeding, challenging his 1999 convictions for murder, aggravated assault, and possession of a firearm during the commission of a felony. On July 31, 2009, this Court entered its Order denying his federal petition. Thereafter, this Court and the Eleventh Circuit Court of Appeals denied Petitioner's motions for a certificate of appealability, and the Court of Appeals also denied Petitioner's motion for reconsideration of the denial of his motion for a certificate of appealability. Petitioner has now filed the current Motion to Set Aside Judgment, wherein he continues to challenge the validity of his convictions.

1

The Court construes Petitioner's Motion to Set Aside Judgment as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).[1] Rule 60(b) provides a limited basis for relief for a party seeking relief from a final judgment. Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007). In the context of a habeas action, the Supreme Court has held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition and is therefore subject to successive petition restrictions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Conversely, where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition." Id.

Petitioner's Motion clearly attacks the substance of the Court's resolution of his claims on the merits. Here, as in his original petition, Petitioner continues to assert that his convictions were imposed illegally in violation of his due process rights. Thus, his Motion to Set Aside Judgment must be dismissed as a successive petition, as this Court is without jurisdiction to consider it. See Gonzalez, 545 U.S. at 532; see also 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). In order for this Court to have jurisdiction to entertain his successive petition, Petitioner must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his successive petition. Williams, 510 F.3d at 1294.

**SO ORDERED**, this 20th day of July, 2010.

---

[1] Petitioner's Motion cannot be construed pursuant to Fed. R. Civ. P. 59(e) because it was filed more than ten (10) days after Judgment was entered.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


SSH